## Albert Conrad, Appellee, v. Sykes Steel Roofing Company, Appellant.

### Gen. No. 15,042.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed July 15, 1910.

CHARLES E. PAIN, for appellant.

FRANCIS X. BUSCH, FRANK A. ROCKHOLD, and PLOTKE & MAYER, for appellee.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiff has recovered a judgment in this case for personal injuries. Defendant is endeavoring to procure the reversal of that judgment, mainly on the ground that it is not sustained by the evidence. There was a trial by jury in the court below.

Defendant is in the business of manufacturing steel roofing material and plaintiff was in defendant's employ as a general helper in its factory at the time he was injured. When the accident occurred he was operating a metal cutting machine or shears for cutting sheet metal. This machine was operated by a foot treadle. At the time he was injured he was cutting strips of sheet metal two inches wide and two feet long from a sheet of metal two feet wide and four feet long. The machine had a table upon which the sheet of metal lay while being fed into the shears. Back of the shears was a gauge by which he regulated the widths of the strips so as to make them two inches in width. The machine was used by many of the defendant's employes at different times. There was no regular or permanent operator upon the machine. Plaintiff had been in defendant's employ for two years and a half and during the period of the last two years he had worked on the machine three or four times a week. If the operator kept his foot on the treadle the cutting blade would keep on going up and down. The operation was to shove the edge of the sheet of metal under the cutting blade up to the gauge and to step on the pedal or treadle and the cutting blade would then come down and cut the sheet metal. Each operation took but a second of time. Plaintiff testified that when he was shoving in the last strip of a sheet of metal "the machine got down alone. I did not have my foot on the treadle when the machine come down alone." The ends of the first, second and third fingers of his right hand were cut off. In other words, although plaintiff had taken his foot off

the treadle the machine repeated, that is, the cutting blade came down. Plaintiff happened to have his fingers underneath the blade at the time. The repeating, as one of the witnesses testified, occurred because some of the parts would not engage one another properly upon this machine.

There is some conflict in the evidence as to whether the machine was out of repair or not and the evidence would warrant a finding either way as to whether plaintiff was aware of the defect or danger if any existed; but both these questions were questions for the jury and upon the record herein we do not feel justified in disturbing the conclusions the jury arrived at.

We find no error in the instructions requiring a reversal. The judgment must be affirmed.

*Affirmed.*

MR. JUSTICE MACK took no part in the consideration or the decision of this case.